The jury find the note was executed by Caleb Granger on the 13th July, 1785, for the sum of one hundred and thirty pounds 4s.3d. They also find that by an injunction issued 7th July, 1787, by order of the Honorable Samuel Ashe, Judge in the Court of Equity, and an order of the said Court, that the note aforesaid was lodged in the hands of the clerk and master in equity, and that it appears to them that thereby the plaintiff was hindered from bringing suit on said note; that he afterwards brought suit on the 14th February, 1791; we further find that there is due to the plaintiff on a note the sum of £ 150 (292) 10s. 1d.
The question arising on this special verdict was, whether the plaintiff's demand was barred by the act of limitation.
Whatever hardship there may be in this case, there is no legal ground or principle to warrant the Court to render judgment for the plaintiff. The act of limitation would amount to a general and positive bar, were not certain exceptions contained in the proviso; we cannot add to these others, which the Legislature has omitted, nor construe cases to be within the saving, which is plain were not meant to be included. A Court of Equity has, under circumstances similar to the present, interposed its authority to restrain a defendant from pleading the act; but as a question of law, the decision must be for the defendant.
Cited: Broadfoot v. Fayetteville, 124 N.C. 494.